# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Karl Hertel,<br><br>   Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>   Respondents. | No. CV-18-00203-TUC-JGZ<br><br>**ORDER** |

Before the Court is Magistrate Judge Lynette C. Kimmins' Report and Recommendation (R&R) recommending that the District Court dismiss Mr. Hertel's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 because the Petition is time-barred. (Doc. 23.) Mr. Hertel has filed an objection, arguing that his Petition should not be time-barred because his Petition was timely under at least one subsection of 28 U.S.C. § 2244(d)(1), that Petitioner is actually innocent, and that he is entitled to equitable tolling. After reviewing the record, the Court will overrule Defendant's objection and adopt Judge Kimmins' R&R.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)

(emphasis omitted). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**DISCUSSION**

The R&R sets forth the relevant factual background in greater detail. In short, Petitioner was found guilty of Sexual Conduct with a Minor under 15 on August 1, 2001, and on October 22, 2012,[1] was sentenced to 20 years of imprisonment. The court of appeals affirmed his sentence and conviction on October 23, 2012, and he did not petition for review with the Arizona Supreme Court. Petitioner ultimately filed two unsuccessful Petitions for Post-Conviction Relief (PCR)—the first of which the Arizona Supreme Court denied review on July 1, 2015, and the second of which the court of appeals ultimately denied on February 23, 2017. On April 16, 2018, Petitioner filed a Petition for Writ of Habeas Corpus, now before the Court.

Petitioner first argues that he should not have been sentenced under § 13-705, the statute governing sentencing for "dangerous crimes against children."[2] Petitioner argues that he should have been sentenced as a first-time felony offender under the general sentencing statute instead, now set forth in A.R.S. § 13-701(C)(1). As a general matter, where a more specific sentencing statute applies to a charged offense, that statute governs, and Petitioner was sentenced under the appropriate statute. *See, e.g.*, *State v. Rice*, 516 P.2d 1222, 1225 (Ariz. 1973) (when "a general statute and a specific statute . . . are in conflict, the specific governs"). Petitioner argues, however, that *State v. Williams*, 854 P.2d 131 (Ariz. 1993), held § 13-705 to be overbroad, and that this statute should not have been implicated in his case simply because of the victim's age. In *State v. Williams*, the court held that where a reckless driver injured a 14 year-old child in a driving accident, there was no evidence that the defendant's reckless driving was directed at a minor victim

---

[1] Petitioner was tried in abstentia and sentenced once he had been extradited from Germany, where he had absconded. (Doc. 14, Ex. I, Ex. Q.)

[2] In 2018, § 13-604.01(B) was reorganized under § 13-705.

- 2 -

so as to support a finding that he committed a dangerous crime against children, and that the defendant therefore should not have been sentenced under § 13-705. *Id.* at 132. This holding is inapplicable to Petitioner's case, where his conviction was for sexual conduct with his minor daughter. As also held in *Williams*, "[t]he question of whether the child victim is the target of the defendant's criminal conduct will rarely be an issue" in a case involving a conviction for "sexual assault, molestation, sexual conduct," and other similar offenses, because "[i]t is impossible to imagine how" such offenses "could be committed without targeting persons." *Id.* at 136-37.

Petitioner further asserts that he was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 266 (2000), in part because "exculpatory evidence and facts contained in his presentence report" negated some of the elements underlying his conviction. (Doc. 28, pg. 3, 5-6.) This report, however, was before the judge who imposed his sentence, and therefore does not constitute "new evidence" of innocence that would support his petition. *See Schlup v. Delo*, 513 U.S. 298, 316, 324 (1995).

Petitioner next argues that he is actually innocent of sexual conduct with a minor, in violation of A.R.S. § 13-1405. To support this argument, Petitioner reiterates many of his previously asserted claims: 1) that the trial court improperly admitted "other acts" evidence from Ohio; 2) that the trial court violated his right to present at trial; 3) that the trial court violated his due process rights by sentencing him more than 11 years after his conviction; 4) that the trial court, appellate court, and prosecutor discriminated against him, and; 5) that his trial and appellate counsel were constitutionally ineffective. (Doc. 24, pgs. 10-15.) As stated by Judge Kimmins, "[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar," or "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] petitioner does not meet the threshold requirement" for an actual innocence claim, however, "unless he persuades the district court that, in light of new evidence," which was not presented at trial, 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324, 329. To support Petitioner's claims,

he does not present any new evidence not presented at trial.

Finally, Petitioner argues that his Petition was, in fact, timely filed. He first asserts that under either 28 U.S.C. § 2244(d)(1)(A) or (B), he was entitled one year to file from his second PCR, rather than his first, because he second PCR was not untimely. As found in the R&R, however, Petitioner filed his Petition more than one year from the date on which his judgment became final, whether tolled through the denial of his first or second PCR. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner next asserts that his position was timely under § 2244(d)(1)(D), because the limitations period should have run from the time at which Petitioner discovered *State v. Williams*, which he claims undercut the applicability of A.R.S. § 13-705 to his conviction. But as already stated, *Williams* does not affect Petitioner's case.

Petitioner also asserts that his Petition was timely under § 2244(d)(1)(C), because *Betterman v. Montana*, 136 S.Ct. 1609 (2016) "establishes a new substantive rule voiding sentences issued too long after conviction." (Doc. 24, pg. 17.) *Betterman* held that the Sixth Amendment speedy trial right "does not extend beyond conviction," noting that "[a]fter conviction, a defendant's due process right to liberty, while diminished, is still present," such that "due process serves as a backstop against exorbitant delay." *Id.* at 1617. *Betterman* did not purport to define what type of delay would run afoul of the due process clause, but Petitioner has failed to articulate what prejudice he suffered from the delay, the cause of which was his own decision to abscond.

Petitioner argues that he is entitled to equitable tolling because "he has been pursuing his rights diligently" by litigating claims in both Arizona and in Ohio, and because "some extraordinary circumstance stood in his way." (Doc. 24, pg. 15.) *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (litigant seeking equitable tolling bears the burden of establishing that he pursued his rights diligently and extraordinary circumstances); *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011) (a petitioner must demonstrate only "reasonable diligence," rather than "maximum feasible diligence"). Petitioner's litigation efforts outside of this case, however, do not constitute a valid justification for why he failed to advance certain claims within a reasonable time of their availability, or for why he

delayed in filing his habeas petition after his petitions for post-conviction relief at the state level were denied. Petitioner argues that extraordinary circumstances exist to warrant tolling because "when the Pima County Superior Court decided his 2nd PCR Petition on the merits, petitioner (1) thought he had successfully passed the state timeliness hurdle," and "(2) assumed he could timely file his instant petition after exhausting state remedies." In addition, Petitioner again notes that he did not discover *State v. Williams*, despite his due diligence, until recently, and argues that under *Montgomery v. Louisiana*, 136. S.Ct. 718 (2016), Judge Kimmins's and the Arizona appellate court's findings of untimeliness should be voided. (Doc. 24, pgs. 15-16.) As Respondents note, however, a petitioner's educational deficiencies, ignorance of the law, and lack of legal expertise are not extraordinary circumstances, and do not equitably toll the limitations period. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009). And *Montgomery v. Louisiana* has no bearing on Petitioner's case, because the state appellate court's finding of untimeliness, as well as Judge Kimmins's, was based on procedural rather than substantive rules. 136. S.Ct. at 729.

Following Judge Kimmins's R&R, Petitioner also filed a motion seeking a certificate of appealability. Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*. Applying these standards, the Court concludes that a certificate should not issue, as the resolution of the petition is not debatable

among reasonable jurists.

## CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation (Doc. 23) is ADOPTED.

IT IS FURTHER ORDERED that Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is DISMISSED.

IT IS FURTHER ORDERED that Petitioner's Motion for a Certificate of Appealability (Doc. 25) is DENIED.

The Clerk of the Court shall enter judgment accordingly and close the file in this action.

Dated this 4th day of October, 2019.

Honorable Jennifer G. Zipps
United States District Judge